BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
LINDSAY M. BAILEY (Cal. Bar No. 285047)
ALIX R. SANDMAN (Cal. Bar No. 313430)
Assistant United States Attorneys
Violent & Organized Crime/General Crimes Section
    1300/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-6875/6772
    Facsimile: (213) 894-0141
    E-mail: lindsay.bailey@usdoj.gov
           alix.sandman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-00259-WLH |
|---|---|
| Plaintiff, | GOVERNMENT'S TRIAL MEMORANDUM |
| v. | Trial Date: June 2, 2025 |
| JOSE ANTONIO BONILLA, | Trial Time: 9:00 a.m. |
| Defendant. | Location: Courtroom of the Hon. Wesley L. Hsu |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsay M. Bailey and Alix R. Sandman, hereby submits its Trial Memorandum for the above-captioned case.

//
//
//
//

The government respectfully reserves the right to supplement this Trial Memorandum as necessary.

Dated: May 14, 2025  Respectfully submitted,

BILAL A. ESSAYLI
United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

  /s/
LINDSAY M. BAILEY
ALIX R. SANDMAN
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**TABLE OF CONTENTS**

DESCRIPTION                                                              PAGE

TABLE OF AUTHORITIES................................................ii

MEMORANDUM OF POINTS AND AUTHORITIES.................................1

I.    INTRODUCTION...................................................1

II.   ELEMENTS OF THE OFFENSE........................................1

III.  FACTUAL SUMMARY................................................2

IV.   THE GOVERNMENT'S CASE-IN-CHIEF.................................2

V.    ANTICIPATED LEGAL AND EVIDENTIARY ISSUES.......................3

      A.   Defendant's Certified Immigration File ("A-File").........3

      B.   Defendant's Criminal History..............................5

      C.   Jury Nullification........................................7

      D.   Other Affirmative Defenses................................7

      E.   Argument Concerning the Lawfulness of Defendant's
           Deportations or Removals..................................8

      F.   Defendant's Out-of-Court Statements.......................8

      G.   Cross-Examination of Defendant............................9

      H.   Reciprocal Discovery......................................9

VI.   CONCLUSION....................................................10

**TABLE OF AUTHORITIES**

DESCRIPTION                                                               PAGE(S)

Cases

United States v. Aceves-Rosales,
  832 F.2d 1155 (9th Cir. 1987) ....................................... 10

United States v. Alvarado-Delgado,
  98 F.3d 492 (9th Cir. 1996) .......................................... 8

United States v. Collicott,
  92 F.3d 973 (9th Cir. 1996) .......................................... 9

United States v. Daly,
  974 F.2d 1215 (9th Cir. 1992) ........................................ 6

United States v. DeGeorge,
  380 F.3d 1203 (9th Cir. 2004) ........................................ 6

United States v. Duarte,
  618 F. App'x 894 (9th Cir. 2015) ..................................... 4

United States v. Estrada-Eliverio,
  583 F.3d 669 (9th Cir. 2009) ......................................... 3

United States v. Fernandez,
  839 F.2d 639 (9th Cir. 1988) ......................................... 8

United States v. Hermoso-Garcia,
  475 F. App'x 124 (9th Cir. 2012) ..................................... 4

United States v. Ibarra-Pino,
  657 F.3d 1000 (9th Cir. 2011) ........................................ 7

United States v. Loyola-Dominguez,
  125 F.3d 1315 (9th Cir. 1997) ........................................ 4

United States v. Medina,
  236 F.3d 1028 (9th Cir. 2001) ........................................ 8

**TABLE OF AUTHORITIES (CONTINUED)**

DESCRIPTION                                                                PAGE

United States v. Miranda-Uriarte,
  649 F.2d 1345 (9th Cir. 1981) ......................................... 9
United States v. Moore,
  735 F.2d 289 (8th Cir. 1984) .......................................... 6
United States v. Nash,
  115 F.3d 1431 (9th Cir. 1997) ........................................ 10
United States v. Navarro,
  492 F. App'x 794 (9th Cir. 2012) ...................................... 6
United States v. Ortega,
  203 F.3d 675 (9th Cir. 2000) .......................................... 8
United States v. Quintana-Torres,
  235 F.3d 1197 (9th Cir. 2000) ......................................... 2
United States v. Reyes-Ceja,
  712 F.3d 1284 (9th Cir. 2013) ......................................... 1
United States v. Ruiz-Lopez,
  749 F.3d 1138 (9th Cir. 2014) ......................................... 4
United States v. Scholl,
  166 F.3d 964 (9th Cir. 1999) ......................................... 10
United States v. Solano-Godines,
  120 F.3d 957 (9th Cir. 1997) .......................................... 4
United States v. Vizcarra-Martinez,
  66 F.3d 1006 (9th Cir. 1995) .......................................... 6
United States v. Waters,
  627 F.3d 345 (9th Cir. 2010) .......................................... 8

**TABLE OF AUTHORITIES (CONTINUED)**

<u>DESCRIPTION</u>                                                                                  <u>PAGE</u>

<u>Statutes</u>

8 U.S.C. § 1326(a)..........................................1, 8

18 U.S.C. § 3505...............................................4

California Penal Code § 647.6..................................1


<u>Rules</u>

Fed. R. Crim. P. 16(b)(1)(A)...................................9

Fed. R. Crim. P. 16(d)(2).....................................10

Fed. R. Evid. 801(c)...........................................8

Fed. R. Evid. 801(d)(2)(A)....................................10

Fed. R. Evid. 803(8),(9).......................................4

Fed. R. Evid. 901.............................................10

Fed. R. Evid. 902(3)...........................................4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On June 2, 2025, defendant Jose Antonio Bonilla ("defendant") will stand trial on the single-count indictment charging him with being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326(a). (Dkt. 16.) The government intends to prove that defendant, a citizen of El Salvador, was found in Los Angeles County on or about February 17, 2025, after he had been deported or removed from the United States on January 15, 2021.

**II.  ELEMENTS OF THE OFFENSE**

The elements for the offense of being an illegal alien found in the United States following deportation are as follows: (1) the defendant was deported or removed from the United States; (2) thereafter, the defendant either voluntarily entered the United States or voluntarily remained in the United States after entry; (3) after entering the United States, the defendant knew that he was in the United States and knowingly remained; (4) the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States; (5) the defendant was an alien at the time of the defendant's entry into the United States; and (6) the defendant was free from official restraint at the time he entered the United States.  Ninth Circuit Model Criminal Jury Instructions, No. 7.8 (2022 ed.) [Alien – Deported Alien Found in United States (8 U.S.C. § 1326(a)) - modified]; <u>United States v. Reyes-Ceja</u>, 712 F.3d 1284, 1288-89 (9th Cir. 2013) ("And to be convicted of a 'found in' offense, a defendant must voluntarily

return to the United States or voluntarily remain after an involuntary entry."); United States v. Quintana-Torres, 235 F.3d 1197, 1200 (9th Cir. 2000) ("Therefore, the voluntariness of the return is an element of the crime and, as such, must be proved beyond a reasonable doubt by the prosecution. Alternatively, voluntarily remaining in the country after an involuntary entry satisfies the statute.").

### III. FACTUAL SUMMARY

At trial, the government intends to prove the following facts. Defendant, who was born in El Salvador, is a Salvadoran citizen and not a United States citizen. He was removed from the United States on January 15, 2021. Following his removal, defendant voluntarily reentered the United States and was free from official restraint at the time of re-entry. Defendant was in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States. Further, defendant knew that he was in the United States and knowingly remained.

On February 17, 2025, defendant was found in Lancaster, California, when Deportation Officer ("DO") Jorge Romo-Gonzalez conducted surveillance and observed defendant driving to his place of work in Lancaster, in a vehicle registered to the defendant.

### IV. THE GOVERNMENT'S CASE-IN-CHIEF

The government anticipates that its case-in-chief will last approximately one day. Defense counsel represents that cross-examination of the below witnesses should take approximately 4.5 hours. Defense counsel has not represented whether they will present an affirmative case.

The government currently plans to call the below witnesses:[1]

1. Jorge Romo-Gonzalez, U.S. Immigration and Customs Enforcement Deportation Officer.

2. Jose Cervantes-Zamora, U.S. Immigration and Customs Enforcement Deportation Officer.

3. Glen W. Noblitt, U.S. Immigration and Customs Enforcement Deportation Officer.

4. Juan Barocio, U.S. Immigration and Customs Enforcement Deportation Officer.

5. Shauna Crooms, Fingerprint Expert.

**V.   ANTICIPATED LEGAL AND EVIDENTIARY ISSUES**

   **A.   Defendant's Certified Immigration File ("A-File")**

The bulk of the exhibits the government intends to introduce during trial are maintained within defendant's certified immigration file (also known as defendant's "Alien File" or "A-File").  These copies are self-authenticating under Federal Rule of Evidence 902(4).  Defendant's A-File is also public record that can be authenticated by a witness who has personal knowledge that such documents are part of an official file.  See Fed. R. Evid. 901; United States v. Estrada-Eliverio, 583 F.3d 669, 672–73 (9th Cir. 2009) (proper authentication where border agent testified documents were accurate copies of documents that he personally knew were part of defendant's A-File).  Accordingly, the government is prepared to call Deportation Officer Cervantes-Zamora to authenticate the documents.

---

[1] This list includes the witnesses the government currently intends to call at trial.  The government reserves its right not to call any of these witnesses or to call additional witnesses, if necessary.

3

Because the A-File is a public record, its contents are also excluded from the rule against hearsay. See Fed. R. Evid. 803(8); United States v. Loyola-Dominguez, 125 F.3d 1315, 1317-18 (9th Cir. 1997) (immigration or "A-File" documents, including a warrant of deportation, an arrest warrant, an Order to Show Cause, were properly admitted as public records).

The government plans to introduce defendant's statements as recorded in his A-File. Because defendant's statements are not hearsay, and because immigration proceedings are civil in nature, defendant's statements, as documented in the A-File, are admissible in a criminal proceeding even if defendant was not Mirandized. See United States v. Solano-Godines, 120 F.3d 957, 960-61 (9th Cir. 1997) (un-Mirandized statements made in immigration proceedings were admissible at a subsequent criminal trial); United States v. Hermoso-Garcia, 475 F. App'x 124, 126 (9th Cir. 2012) ("The record of Sworn Statement memorializes the defendant's own statement on a form . . . [and] falls within the hearsay exception for party admissions."); United States v. Ruiz-Lopez, 749 F.3d 1138, 1142 (9th Cir. 2014) ("a rational trier of fact could certainly come to the conclusion that the Form I-213 accurately captured [defendant's] interview").

Similarly, defendant's birth certificate is admissible under a well-established exception to the hearsay rule for public records of vital statistics. Fed. R. Evid. 803(9). Certified foreign records, like defendant's certified El Salvadoran birth certificate, are excluded from the hearsay rule and are self-authenticating. Fed. R. Evid. 902(3); Fed. R. Evid. 803(9); 18 U.S.C. § 3505; United States v. Duarte, 618 F. App'x 894, 896 (9th Cir. 2015) (noting that "foreign birth certificates... certified by an Apostille, are self-

4

authenticating under Rule 44(a)(2) of the Federal Rules of Civil Procedure and admissible as public records under Rule 803(8) of the Federal Rules of Evidence").

### B.    Defendant's Criminal History

The government intends to elicit testimony from Officer Romo-Gonzalez regarding how he found defendant in the United States. His testimony supports at least three elements: that defendant was found in the United States; that defendant either voluntarily entered or voluntarily remained after entry; and that after entering the United States, the defendant knew that he was in the United States and knowingly remained.

However, Officer Romo-Gonzalez found defendant in the United States because defendant is a registered sex offender based on his 2010 conviction for Molestation of a Minor, in violation of California Penal Code § 647.6, and he was therefore listed on a Megan's Law Public database. The government has already agreed not to affirmatively introduce evidence regarding defendant's prior conviction at trial.[2]  Instead, the government intends to elicit testimony from Officer Romo-Gonzalez that on October 18, 2024, he was reviewing a law enforcement database, when he recognized defendant's name and photograph from his prior arrest of the defendant. Officer Romo-Gonzalez will also testify that on February 17, 2025, he conducted surveillance of defendant outside his home and observed defendant driving to work in a vehicle registered to him.

---

[2] The government does, however, reserve the right to introduce his prior conviction if defendant opens the door, for example, by claiming or implying that defendant is a law abiding citizen or that he was previously unlawfully deported.

5

Officer Romo-Gonzalez's anticipated testimony is direct evidence of the offense charged in the indictment. Without Officer Romo-Gonzalez's testimony regarding his recognition of the defendant in the database, his testimony would begin halfway through the story with his surveillance of the defendant for seemingly no reason. In the absence of this critical context, the jury would be forced to guess as to why Officer Romo-Gonzalez was conducting surveillance of the defendant. "A jury is entitled to know the circumstances and background of a criminal charge. It cannot be expected to make its decision in a void -- without knowledge of the . . . circumstances of the acts which form the basis of the charge." United States v. Daly, 974 F.2d 1215, 1217 (9th Cir. 1992) (quoting United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984)); see also United States v. Navarro, 492 F. App'x 794, 795 (9th Cir. 2012).

This evidence will provide "a coherent and comprehensible story regarding the commission of the crime." United States v. DeGeorge, 380 F.3d 1203, 1220 (9th Cir. 2004) (quoting United States v. Vizcarra-Martinez, 66 F.3d 1006, 1012-13 (9th Cir. 1995)). Officer Romo-Gonzalez's complete testimony will also serve to correct any misunderstandings or assumptions the jury may have about the circumstances in which defendant was found in the United States. In other words, that he was not found as the result of an "immigration sweep" or some other circumstance that would inflame the jury towards rendering a decision not based on facts. For these reasons, Officer Romo-Gonzalez's testimony is relevant and not unfairly prejudicial, and is therefore admissible at trial.

### C. Jury Nullification

As explained in the government's Motion in Limine (Dkt. 26), defendant should not be allowed to make arguments, utilize lines of questioning, introduce evidence, or otherwise refer to topics designed to inflame the jury or elicit jury sympathy or nullification. Improper topics include: defendant's potential penalties, including the prospect of deportation, if found guilty at trial; any reference to any current or prior medical or health-related issues of the defendant or any family members; the passage of time between the charged conduct and trial; defendant's current or previous financial condition; defendant's sexual orientation; defendant's family, or children, or the age at which defendant first entered the United States or close relatives who may be United States citizens; and any reference to legal or political debates surrounding U.S. immigration law and policy, among other similar topics. The Court has not yet ruled on the government's motion.

### D. Other Affirmative Defenses

The government has requested notice of any affirmative defenses that defendant intends to raise, including duress, entrapment, and mental condition. Defendant has not indicated whether he intends to raise any affirmative defenses. However, as defendant has failed to provide proper notice or reciprocal discovery, and because defendant has not made a prima facie showing as to any affirmative defense, he should therefore be precluded from doing so. See, United States v. Ibarra-Pino, 657 F.3d 1000, 1004 (9th Cir. 2011); Fed. Rules Crim. Proc 12.1, 16(b), 26.2.

**E.   Argument Concerning the Lawfulness of Defendant's Deportations or Removals**

As explained in the government's Motion in Limine to Preclude Improper Evidence and Argument Seeking Jury Nullification (Dkt. 26), any claim or argument that defendant's prior deportation or removals was unlawful is inadmissible because the lawfulness of a prior deportation is not an element of a § 1326 offense.  See United States v. Medina, 236 F.3d 1028, 1030 (9th Cir. 2001; United States v. Alvarado-Delgado, 98 F.3d 492, 493 (9th Cir. 1996).  Such arguments are for this Court to decide and should therefore not be presented to a jury.

**F.   Defendant's Out-of-Court Statements**

Defendant's out-of-court statements are admissible only if offered against him –- otherwise, they fall within the scope of the rule against hearsay.  See Fed. R. Evid. 801(d)(2)(A); United States v. Fernandez, 839 F.2d 639, 640 (9th Cir. 1988).  The hearsay rule prohibits a defendant from obtaining the benefit of testifying without subjecting himself to cross-examination, by placing his self-serving prior statements before the jury through other witnesses.  Fed. R. Evid. 801(c); Fernandez, 839 F.2d at 640; United States v. Waters, 627 F.3d 345, 385 (9th Cir. 2010) (holding that defendant's exculpatory statement proclaiming innocence "is clearly hearsay, and was therefore properly excluded under Rule 801(a)"); United States v. Ortega, 203 F.3d 675, 682 (9th Cir. 2000) (upholding district court's decision to prohibit defendant from cross-examining government concerning false exculpatory statements made during the same interview in which defendant made inculpatory statements); United

States v. Collicott, 92 F.3d 973, 983 (9th Cir. 1996) (hearsay not admitted regardless of Rule 106).

### G.Ცross-Examination of Defendant

A defendant who testifies at trial may be cross-examined as to all matters reasonably related to the issues he or she puts in dispute during direct examination. "A defendant has no right to avoid cross-examination on matters which call into question his claim of innocence." United States v. Miranda-Uriarte, 649 F.2d 1345, 1353-54 (9th Cir. 1981). The government is not required to provide notice of matters about which it may seek to cross-examine defense witnesses, including defendant, should they testify.

However, in addition to introducing defendant's prior statements from his A-file during its case-in-chief, the government may seek to impeach defendant and introduce his statements should defendant elect to testify at trial and do so inconsistently with his prior statements, in which he admitted, under oath, to being a citizen of El Salvador, among other things. Prior inconsistent statements made under oath are admissible as substantive evidence under Rule 801(d)(1)(A).

### H. Reciprocal Discovery

Rule 16 of the Federal Rules of Criminal Procedure creates reciprocal discovery obligations for a defendant to produce three categories of materials that a defendant intends to introduce as evidence at trial: (1) documents and tangible objects; (2) reports of any examination or tests; and (3) expert witness disclosure. Rule 16 imposes on defendant a continuing duty to disclose this discovery. Fed. R. Crim. P. 16(b)(1)(A), (b)(1)(C), and (c). When a party, including defendant, fails to produce discovery as required by Rule

16, the rule empowers the district court to "prohibit that party from introducing the undisclosed evidence; or enter any other order that is just under the circumstances." Fed. R. Crim. P. 16(d)(2). The Ninth Circuit has held that where a defendant fails to produce reciprocal discovery, it is well within the district court's discretion to exclude such defense evidence, especially where the defense disclosure was made after the start of trial. See United States v. Aceves-Rosales, 832 F.2d 1155, 1156-57 (9th Cir. 1987); United States v. Scholl, 166 F.3d 964, 972 (9th Cir. 1999); United States v. Nash, 115 F.3d 1431, 1439-40 (9th Cir. 1997).

The government requested reciprocal discovery on March 12, 2025, May 1, 2025, May 5, 2025, and May 8, 2025. To date, defendant has not produced any reciprocal discovery.

**VI. CONCLUSION**

The government respectfully requests leave to supplement this Trial Memorandum as necessary.