BILAL A. ESSAYLI
United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
Violent & Organized Crime Section
ALIX R. SANDMAN (Cal. Bar No. 313430)
Assistant United States Attorney
General Crimes Section
    1300/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:    (213) 894-6875/6772
    Facsimile:    (213) 894-0142
    E-mail:      lindsay.bailey@usdoj.gov
               alix.sandman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-CR-259-WLH |
|---|---|
| Plaintiff, | JOINT PROPOSED JURY INSTRUCTIONS |
| v. | Trial Date: June 2, 2025 |
| JOSE ANTONIO BONILLA, | Trial Time: 9:00 a.m.<br>Location:  Courtroom of the<br>          Hon. Wesley L. Hsu |
| Defendant. | |

    Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsay M. Bailey and Alix R. Sandman, and defendant JOSE ANTONIO BONILLA, by and through his counsel of record, Deputy Federal Public Defenders Kyra Nickell and Jake Cramer, hereby submit their Joint Proposed Jury Instructions in the above-captioned case.  The parties respectfully

1

reserve the right to supplement these jury instructions as needed.

Unless otherwise noted, the parties have used the most recent version (as of March 2025) of the Ninth Circuit Model Criminal Jury Instructions found on the Ninth Circuit's website at: https://www.ce9.uscourts.gov/jury-instructions/model-criminal.

Dated: May 14, 2025                    Respectfully submitted,

                                       BILAL A. ESSAYLI
                                       United States Attorney

                                       CHRISTINA T. SHAY
                                       Assistant United States Attorney
                                       Chief, Criminal Division


                                        /s/
                                       LINDSAY M. BAILEY
                                       ALIX R. SANDMAN
                                       Assistant United States Attorneys

                                       Attorneys for Plaintiff
                                       UNITED STATES OF AMERICA




Dated: May 14, 2025                     /s/ *via e-mail authorization
                                       KYRA NICKELL
                                       JAKE CRAMMER
                                       Deputy Federal Public Defenders

                                       Attorneys for Defendant
                                       JOSE ANTONIO BONILLA

**INDEX OF AGREED-UPON JOINT PROPOSED JURY INSTRUCTIONS**

**PRELIMINARY INSTRUCTIONS**

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 1 | | Duty of Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.1 (2022 ed.) | 2 |
| 2 | | The Charge -- Presumption of Innocence | Ninth Circuit Model Criminal Jury Instructions, No. 1.2 (2022 ed.) | 3 |
| 3 | | What is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) | 4 |
| 4 | | What is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) | 5 |
| 5 | | *Disputed* | | 6 |
| 6 | | Ruling on Objections | Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) | 7 |
| 7 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) | 8 |
| 8 | | Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.) | 10 |
| 9 | | No Transcript Available to Jury | Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.) | 13 |

1

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 10 | | Taking Notes | Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) | 14 |
| 11 | | Outline of Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.) | 15 |
| 12 | | Questions to Witnesses by Jurors During Trial | Ninth Circuit Model Criminal Jury Instructions, No. 1.14 (2022 ed.) | 16 |
| 13 | | Bench Conferences and Recesses | Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) | 17 |

### INSTRUCTIONS DURING COURSE OF TRIAL

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 14 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 19 |
| 15 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 20 |

### INSTRUCTIONS AT END OF CASE

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 16 | | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.) | 22 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 17 | | Charge Against Defendant Not Evidence -- Presumption of Innocence -- Burden of Proof | Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.) | 24 |
| 18 | | *Disputed* | | 25 |
| 19 | | *Disputed* | | 26 |
| 20 | | What Is Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) | 27 |
| 21 | | What Is Not Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) | 28 |
| 22 | | *Disputed* | | 29 |
| 23 | | Credibility of Witnesses | Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) | 30 |
| 24 | | Activities Not Charged | Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.) | 32 |
| 25 | | On or About -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.) | 33 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 26 | | Statements by Defendant | Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) | 34 |
| 27 | | Opinion Evidence, Expert Witness | Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) | 35 |
| 28 | | Alien -- Deported Alien Found in the United States (8 U.S.C. § 1326(a)) | Ninth Circuit Model Criminal Jury Instructions, No. 7.8 (2022 ed.) | 36 |
| 29 | | Knowingly -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 4.8 (2022 ed.) | 38 |
| 30 | | Duty to Deliberate | Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.) | 39 |
| 31 | | Consideration of Evidence -- Conduct of the Jury | Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.) | 41 |
| 32 | | Use of Notes | Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) | 43 |
| 33 | | Jury Consideration of Punishment | Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.) | 44 |
| 34 | | Verdict Form | Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.) | 45 |

| Proposed No. | Court No. | Title | Source | Page |
|---|---|---|---|---|
| 35 | | Communication with Court | Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) | 46 |

1
2
3
4
5
6
7
8
9
10
11                          **PRELIMINARY INSTRUCTIONS**
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations.

When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you.

Perform these duties fairly and impartially. You should not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention. Like conscious bias, unconscious bias can affect how we evaluate information and make decisions.

Ninth Circuit Model Criminal Jury Instructions, No 1.1 (2022 ed.) [Duty of Jury]

2

1          COURT'S INSTRUCTION NO. _____

2          JOINT PROPOSED INSTRUCTION NO. 2

3       This is a criminal case brought by the United States

4   government.  The government charges the defendant with being an

5   Illegal Alien Found in the United States Following Deportation or

6   Removal.  The charge against the defendant is contained in the

7   indictment.  The indictment simply describes the charge the

8   government brings against the defendant.  The indictment is not

9   evidence and does not prove anything.

10      The defendant has pleaded not guilty to the charge and is

11  presumed innocent unless and until the government proves the

12  defendant guilty beyond a reasonable doubt.  In addition, the

13  defendant has the right to remain silent and never has to prove

14  innocence or present any evidence.

25  Ninth Circuit Model Jury Instructions, No. 1.2 (2022 ed.) [The

26  Charge -- Presumption of Innocence] (modified to reflect indictment)

3

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits that are received in evidence; and

(3) any facts to which the parties agree.

Ninth Circuit Model Criminal Jury Instructions, No. 1.3 (2022 ed.) [What Is Evidence]

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are <u>not</u> evidence, and you must not consider them as evidence in deciding the facts of this case:

(1)  statements and arguments of the attorneys;

(2)  questions and objections of the attorneys;

(3)  testimony that I instruct you to disregard; and

(4)  anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Ninth Circuit Model Criminal Jury Instructions, No. 1.4 (2022 ed.) [What Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

*Disputed*

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Ninth Circuit Model Criminal Jury Instructions, No. 1.6 (2022 ed.) [Ruling on Objections]

7

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the witness's opportunity and ability to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not

to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it. What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 1.7 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, or computer, or any other means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, TikTok, or any other forms of social media.  This restriction also applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last.  But, if you are asked or approached in any way about your jury service or anything

10

1    about this case, you must respond that you have been ordered not to

2    discuss the matter.  In addition, you must report the contact to the

3    court.

4         Because you will receive all the evidence and legal instruction

5    you properly may consider to return a verdict: do not read, watch,

6    or listen to any news or media accounts or commentary about the case

7    or anything to do with it, although I have no information that there

8    will be news reports about this case; do not do any research, such

9    as consulting dictionaries, searching the Internet or using other

10   reference materials; and do not make any investigation or in any

11   other way try to learn about the case on your own.  Do not visit or

12   view any place discussed in this case, and do not use the Internet

13   or any other resource to search for or view any place discussed

14   during the trial.  Also, do not do any research about this case, the

15   law, or the people involved—including the parties, the witnesses or

16   the lawyers—until you have been excused as jurors. If you happen to

17   read or hear anything touching on this case in the media, turn away

18   and report it to me as soon as possible.

19        These rules protect each party's right to have this case

20   decided only on evidence that has been presented here in court.

21   Witnesses here in court take an oath to tell the truth, and the

22   accuracy of their testimony is tested through the trial process.  If

23   you do any research or investigation outside the courtroom, or gain

24   any information through improper communications, then your verdict

25   may be influenced by inaccurate, incomplete or misleading

26   information that has not been tested by the trial process.  Each of

27   the parties is entitled to a fair trial by an impartial jury, and if

28

11

you decide the case based on information not presented in court, you

will have denied the parties a fair trial.  Remember, you have taken

an oath to follow the rules, and it is very important that you

follow these rules.

A juror who violates these restrictions jeopardizes the

fairness of these proceedings, and a mistrial could result that

would require the entire trial process to start over.  If any juror

is exposed to any outside information, please notify the court

immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 1.8 (2022 ed.)

[Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

   At the end of the trial, you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

Ninth Circuit Model Criminal Jury Instructions, No. 1.9 (2022 ed.)

[No Transcript Available to Jury]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you from being attentive. When you leave court for recesses, your notes should be left in the courtroom. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 1.10 (2022 ed.) [Taking Notes]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross examine.  Then, if the defendant chooses to offer evidence, counsel for the government may cross examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Criminal Jury Instructions, No. 1.11 (2022 ed.)
[Outline of Trial]

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

Only the lawyers and I are allowed to ask questions of witnesses.  A juror is not permitted to ask questions of witnesses.  If, however, you are unable to hear a witness or a lawyer, please raise your hand and I will correct the situation.

Ninth Circuit Model Criminal Jury Instructions, No. 1.14 (2022 ed.)

[Questions to Witnesses By Jurors During Trial]

16

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

During the trial, I may need to take up legal matters with the attorneys privately, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or what your verdict should be.

Ninth Circuit Model Criminal Jury Instructions, No. 1.16 (2022 ed.) [Bench Conferences and Recesses]

**INSTRUCTIONS DURING COURSE OF TRIAL**

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 14

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.) [Statements by Defendant]

19

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

You are about to hear testimony from [NAME] who will testify about his or her opinions and the reasons for those opinions. This opinion testimony is allowed because of the specialized knowledge, skill, experience, training, or education of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence, Expert Witness]

1
2
3
4
5
6
7
8
9
10
**INSTRUCTIONS AT END OF CASE**
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions, or into anything I may have said or done, any

//

//

//

//

suggestion as to what verdict you should return -- that is a matter
entirely up to you.

Ninth Circuit Model Criminal Jury Instructions, No. 6.1 (2022 ed.)
[Duties of Jury to Find Facts and Follow Law]

23

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.2 (2022 ed.)
[Charge Against Defendant Not Evidence -- Presumption of Innocence  -
- Burden of Proof]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

*Disputed*

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

*Disputed*

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 20

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

Ninth Circuit Model Criminal Jury Instructions, No. 6.6 (2022 ed.) [What Is Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

    (1)   Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    (2)   Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

    (3)   Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Criminal Jury Instructions, No. 6.7 (2022 ed.) [What Is Not Evidence]

28

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

*Disputed*

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)  the opportunity and ability of the witness to see or hear or know the things testified to;

(2)  the witness's memory;

(3)  the witness's manner while testifying;

(4)  the witness's interest in the outcome of the case, if any;

(5)  the witness's bias or prejudice, if any;

(6)  whether other evidence contradicted the witness's testimony;

(7)  the reasonableness of the witness's testimony in light of all the evidence; and

(8)  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not

to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

You must avoid bias, conscious or unconscious, based on a witness's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances in your determination of credibility.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

Ninth Circuit Model Criminal Jury Instructions, No. 6.9 (2022 ed.) [Credibility of Witnesses]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

Ninth Circuit Model Criminal Jury Instructions, No. 6.10 (2022 ed.)

[Activities Not Charged]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 25

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.18 (2022 ed.)

[On or About -- Defined]

33

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

You have heard testimony that a defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

Ninth Circuit Model Criminal Jury Instructions, No. 3.1 (2022 ed.)

[Statements by Defendant]

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 27

You have heard testimony from Fingerprint Forensic Analyst [NAME], who testified to opinions and the reasons for his or her opinions.  The opinion testimony is allowed because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Ninth Circuit Model Criminal Jury Instructions, No. 3.14 (2022 ed.) [Opinion Evidence, Expert Witness]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

The defendant is charged in the indictment with being an alien who, after deportation or removal, was found in the United States in violation of Section 1326(a) of Title 8 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant was deported or removed from the United States;

Second, thereafter, the defendant voluntarily entered the United States or the defendant voluntarily remained in the United States after entry;

Third, at the time of entry, the defendant knew he was entering the United States, or after entering the United States the defendant knew that he was in the United States and knowingly remained;

Fourth, the defendant was found in the United States without having obtained the consent of the Attorney General or the Secretary of the Department of Homeland Security to reapply for admission into the United States;

Fifth, the defendant was an alien at the time of the defendant's entry into the United States; and

Sixth, the defendant was free from official restraint at the time he entered the United States.

//

//

An alien is a person who is not a natural-born or naturalized citizen of the United States.

The defendant was free from official restraint if the defendant was first observed by a United States officer after the defendant physically crossed the border into the United States.

Ninth Circuit Model Criminal Jury Instructions, No. 7.8 (2022 ed.) [Alien -- Deported Alien Found in United States (8 U.S.C. § 1326(a))]; United States v. Reyes-Ceja, 712 F.3d 1284, 1288–89 (9th Cir. 2013) ("And to be convicted of a 'found in' offense, a defendant must voluntarily return to the United States or voluntarily remain after an involuntary entry."); United States v. Quintana-Torres, 235 F.3d 1197, 1200 (9th Cir. 2000) ("Therefore, the voluntariness of the return is an element of the crime and, as such, must be proved beyond a reasonable doubt by the prosecution. Alternatively, voluntarily remaining in the country after an involuntary entry satisfies the statute.").

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Ninth Circuit Model Jury Instructions, No. 4.8 (2022 ed.)

[Knowingly]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances.  Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases.  Unconscious biases are stereotypes,

39

attitudes, or preferences that people may consciously reject but may
be expressed without conscious awareness, control, or intention.

It is your duty as jurors to consult with one another and to
deliberate with one another with a view towards reaching an
agreement if you can do so.  During your deliberations, you should
not hesitate to reexamine your own views and change your opinion if
you become persuaded that it is wrong.

Ninth Circuit Model Criminal Jury Instructions, No. 6.19 (2022 ed.)
[Duty to Deliberate]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This restriction includes discussing the case in person, in writing, by phone, tablet, computer, or any other means, via email, text messaging, or any Internet chat room, blog, website or any other forms of social media.  This restriction applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions

41

jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Ninth Circuit Model Criminal Jury Instructions, No. 6.20 (2022 ed.)
[Consideration of Evidence -- Conduct of the Jury]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

Ninth Circuit Model Criminal Jury Instructions, No. 6.21 (2022 ed.) [Use of Notes]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

The punishment provided by law for this crime is for the court
to decide.  You may not consider punishment in deciding whether the
government has proved its case against the defendant beyond a
reasonable doubt.

Ninth Circuit Model Criminal Jury Instructions, No. 6.22 (2022 ed.)

[Jury Consideration of Punishment]

44

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 34

3      A verdict form has been prepared for you.  After you have

4   reached unanimous agreement on a verdict, your foreperson should

5   complete the verdict form according to your deliberations, sign and

6   date it, and advise the clerk that you are ready to return to the

7   courtroom.

26   Ninth Circuit Model Criminal Jury Instructions, No. 6.23 (2022 ed.)

27   [Verdict Form]

28
                                45

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

Ninth Circuit Model Criminal Jury Instructions, No. 6.24 (2022 ed.) [Communication with Court]

46