BILAL A. ESSAYLI
United States Attorney
CHRISTINA SHAY
Assistant United States Attorney
Chief, Criminal Division
LINDSAY M. BAILEY (Cal. Bar No. 285047)
Assistant United States Attorney
Violent & Organized Crime Section
ALIX R. SANDMAN (Cal. Bar No. 313430)
Assistant United States Attorney
General Crimes Section
     1300/1200 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:    (213) 894-6875/6772
     Facsimile:    (213) 894-0142
     E-mail:      lindsay.bailey@usdoj.gov
                 alix.sandman@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>         v.<br><br>JOSE ANTONIO BONILLA,<br><br>       Defendant. | No. 2:25-CR-259-WLH<br><br><u>JOINT DISPUTED JURY INSTRUCTIONS</u><br><br>Trial Date: June 2, 2025<br>Trial Time: 9:00 a.m.<br>Location:  Courtroom of the<br>           Hon. Wesley L. Hsu |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Lindsay M. Bailey and Alix R. Sandman, and defendant JOSE ANTONIO BONILLA, by and through his counsel of record, Deputy Federal Public Defenders Kyra

///

///

1

1  Nickell and Jake Cramer, hereby submit their Joint Disputed Jury

2  Instructions in the above-captioned case.

3  Dated: May 14, 2025              Respectfully submitted,

4                                   BILAL A. ESSAYLI
                                     United States Attorney
5
                                     CHRISTINA SHAY
6                                    Assistant United States Attorney
                                     Chief, Criminal Division
7

8                                    ___/s/_____
                                     LINDSAY M. BAILEY
9                                    ALIX R. SANDMAN
                                     Assistant United States Attorneys
10
                                     Attorneys for Plaintiff
11                                   UNITED STATES OF AMERICA

12

13
    Dated: May 14, 2025              ___/s/ *via e-mail authorization
14                                   KYRA NICKELL
                                     JAKE CRAMMER
15                                   Deputy Federal Public Defenders

16                                   Attorneys for Defendant
                                     JOSE ANTONIO BONILLA
17

18

19

20

21

22

23

24

25

26

27

28

**INDEX OF DISPUTED PROPOSED JURY INSTRUCTIONS**

**GOVERNMENT INSTRUCTIONS**

| Gov't Proposed No. | Title | Source | Page |
|---|---|---|---|
| 1 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 2 |
| 2 | Defendant's Decision Not To Testify/To Testify | Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) | 5 |
| 3 | Reasonable Doubt -- Defined | Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.) | 8 |

**DEFENSE INSTRUCTIONS**

| Defense Proposed No. | Title | Source | Page |
|---|---|---|---|
| 1 | Direct and Circumstantial Evidence | Ninth Circuit Model Criminal Jury Instructions, No. 6.8 (2022 ed.) | 12 |
| 2 | Effect of the Defendant's Decision Not to Testify | 1A Fed. Jury Prac. & Instr. § 15:14 (7th ed.) | 15 |
| 3 | Presumption of Innocence, Burden of Proof, and Reasonable Doubt | 1A Fed. Jury Prac. & Instr. § 12:10 (7th ed.) | 18 |
| 4 | Weaker or Less Satisfactory Evidence | 1A Fed. Jury Prac. & Instr. § 14:14 (7th ed.) | 22 |
| 5 | Number of Witnesses Called is Not Controlling | 1A Fed. Jury Prac. & Instr. § 14:16 (7th ed.) | 25 |

1

2

3

4

5

6

7

8

9

10

11                    **GOVERNMENT INSTRUCTIONS**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    GOVERNMENT PROPOSED INSTRUCTION NO. 1

2          Evidence may be direct or circumstantial.  Direct evidence is

3      direct proof of a fact, such as testimony by a witness about what

4      that witness personally saw or heard or did.  Circumstantial

5      evidence is indirect evidence, that is, it is proof of one or more

6      facts from which one can find another fact.

7          By way of example, if you wake up in the morning and see that

8      the sidewalk is wet, you may find from that fact that it rained

9      during the night. However, other evidence, such as a turned-on

10     garden hose, may provide an explanation for the water on the

11     sidewalk. Therefore, before you decide that a fact has been proven

12     by circumstantial evidence, you must consider all the evidence in

13     the light of reason, experience, and common sense.

14         You are to consider both direct and circumstantial evidence.

15     Either can be used to prove any fact.  The law makes no distinction

16     between the weight to be given to either direct or circumstantial

17     evidence.  It is for you to decide how much weight to give to any

18     evidence.

19

20

21

22

23

24     Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

25     [Direct and Circumstantial Evidence] (modified to include

26     illustrative example)

27

28

                                    2

## **<u>DEFENSE OBJECTION</u>**

The defense has no objection to the first and third paragraphs of this instruction, but only to the second. The illustration in the second paragraph runs the risk of confusing the jury. A wet sidewalk alone—without any consideration of weather conditions, geographical location, or other factors—is not enough to establish that it had rained. To find on that basis alone that it had rained the previous night would be little more than an assumption, rather than a reasonable inference. Thus, this illustration suggests that a jury may adopt its assumptions, even if only suggested by a scintilla of evidence, until other circumstantial evidence (like a hose) leads them to conclude otherwise. This runs the risk of a jury issuing a guilty verdict that is not supported beyond a reasonable doubt.

1

**<u>GOVERNMENT RESPONSE</u>**

2      The government believes that the illustrative example in the

3   Ninth Circuit Model Criminal Jury Instruction No. 1.5 is helpful to

4   clarify the complicated topic of circumstantial evidence, which is

5   often misunderstood by juries.  The illustrative example is included

6   in the commentary of the Ninth Circuit Model Instruction, and its

7   language has been reviewed and affirmed on appeal.  <u>United States v.</u>

8   <u>Pinedo</u>, 2024 WL 2011970, at *4 (9th Cir. May 7, 2024).  By contrast,

9   defendant cites to no case law supporting his argument.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOVERNMENT PROPOSED INSTRUCTION NO. 2

[If defendant does not testify]

A defendant in a criminal case has a constitutional right not to testify.  In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.


[If defendant testifies]

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

Ninth Circuit Model Criminal Jury Instructions, Nos. 6.3 and 6.4 (2022 ed.) [Defendant's Decision Not to Testify/to Testify]

1

**<u>DEFENSE OBJECTION</u>**

2      This instruction provides too meager an explanation for an

3   issue of great importance: the defendant's absolute right not to

4   testify. It does not address the various ways in which a juror could

5   evaluate this fact improperly. It would be improved by including

6   more targeted admonitions against considering this fact as the basis

7   for an inference, a topic for discussion during jury deliberations,

8   or an insight into the defendant's character.

9      Furthermore, this instruction says nothing about the burden of

10  proof, an essential aspect of the defendant's right to choose

11  whether or not to testify. By instructing the jury on the burden of

12  proof alongside the right of the defendant not to testify, the Court

13  would provide a more fulsome picture of how the defendant's

14  testimony (or lack thereof) fits into the trial. Because the

15  defendant has no burden to provide any evidence or testimony, the

16  lack of the defendant's testimony is no evidence at all.

17     Because the defense's proposed jury instruction on this issue

18  provides a more exhaustive admonition than the one offered here, the

19  defense contends that it should replace the government's proposed

20  jury instruction. *See* 1A Fed. Jury Prac. & Instr. § 15:14 (7th ed.).

21

22

23

24

25

26

27

28

**GOVERNMENT RESPONSE**

It is impossible for every single instruction to be entirely inclusive.  For this reason, the Ninth Circuit suggests using multiple instructions to convey independent topics, including separate instructions for the presumption of innocence, burden of proof, and defendant's right to or not to testify.  Contrary to defendant's assertion, the government's proposed instruction does "address the various ways in which a juror could evaluate this fact improperly" by prohibiting jurors from "considering **in any manner**" the fact that the defendant did not testify.

In this case, "more exhaustive" does not mean "better."  The Ninth Circuit Model Instruction is clear, concise, and correctly advises the jury on how to consider a defendant exercising his right not to testify.  The model instruction is the preferred instruction of this Court and in this Circuit, there is no reason to deviate from it, and it has been reviewed and affirmed on appeal. United States v. Padilla, 639 F.3d 892, 896 (9th Cir. 2011) (noting that multiple circuits have upheld similar instructions).

GOVERNMENT PROPOSED INSTRUCTION NO. 3

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Criminal Jury Instructions, No. 6.5 (2022 ed.)
[Reasonable Doubt -- Defined]

8

## **DEFENSE OBJECTION**

The defense objects to this instruction, because unlike the defense's proposed reasonable doubt instruction, this instruction does not describe reasonable doubt as "the kind of doubt that would make a reasonable person hesitate to act". 1A Fed. Jury Prac. & Instr. § 12:10 (7th ed.). The Supreme Court has upheld the use of "hesitation to act" language when instructing juries on reasonable doubt. *Holland v. United States*, 348 U.S. 121, 138 (1954). Additionally, "some Ninth Circuit opinions have expressed a preference for the 'hesitate to act' language." *United States v. Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992) (citing *United States v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir. 1986). Going further, the Eighth Circuit has adopted the "hesitate to act" language concerning reasonable doubt. *United States v. Conley*, 523 F.2d 650, 655 (8th Cir. 1975).

1

### GOVERNMENT RESPONSE

2      There is no requirement, either in Supreme Court or Ninth

3  Circuit case law, that reasonable doubt must be described as "the

4  kind of doubt that would make a reasonable person hesitate to act,"

5  as defendant suggests.  Rather, "there is no indication... that our

6  Circuit has qualms about the 'firmly convinced' language" used in

7  the model instruction proposed by the government.  United States v.

8  Velasquez, 980 F.2d 1275, 1278 (9th Cir. 1992).  Indeed, this

9  Circuit has repeatedly held that failure to use defendant's proposed

10  "hesitation to act" language does not constitute reversible error.

11  See, e.g., United States v. Robinson, 546 F.2d 309, 314 (9th Cir.

12  1976); United States v. Bustillo, 789 F.2d 1364, 1368 (9th Cir.

13  1986); Holland v. United States, 348 U.S. 121, 140, (1954).

14      The Ninth Circuit Model Instruction is an accurate statement of

15  the law, it is the preferred instruction of this Court and in this

16  Circuit, and there is no reason to deviate from it.  Ninth Circuit

17  Model Criminal Jury Instruction No. 3.2 unequivocally states that

18  the "defendant is presumed to be innocent."  That presumption

19  remains "unless and until" the government proves guilt beyond a

20  reasonable doubt.  Such language has been reviewed and affirmed on

21  appeal. See United States v. Lopez, 500 F.3d 840, 847 (9th Cir.

22  2007) (expressly holding that use of the phrase "unless and until"

23  adequately informs the jury of the presumption of innocence).

24  Nothing in the Model Instruction suggests, or otherwise invites, the

25  shifting of the burden of proof to the defendant during any stage of

26  the trial.

27

28

10

1

2

3

4

5

6

7

8

9

10

11

12                              **DEFENSE INSTRUCTIONS**

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                    DEFENSE PROPOSED INSTRUCTION NO. 1

2        Evidence may be direct or circumstantial.  Direct evidence is

3   direct proof of a fact, such as testimony by a witness about what

4   that witness personally saw or heard or did.  Circumstantial

5   evidence is indirect evidence, that is, it is proof of one or more

6   facts from which one can find another fact.

7        You are to consider both direct and circumstantial evidence.

8   Either can be used to prove any fact.  The law makes no distinction

9   between the weight to be given to either direct or circumstantial

10  evidence.  It is for you to decide how much weight to give to any

11  evidence.

26  Ninth Circuit Model Criminal Jury Instructions, No. 1.5 (2022 ed.)

27  [Direct and Circumstantial Evidence]

28

1

**GOVERNMENT OBJECTION**

2      The government believes that the illustrative example in the

3 Ninth Circuit Model Criminal Jury Instruction No. 1.5 is helpful to

4 clarify the complicated topic of circumstantial evidence, which is

5 often misunderstood by juries.  The illustrative example is included

6 in the commentary of the Ninth Circuit Model Instruction, and its

7 language has been reviewed and affirmed on appeal.  United States v.

8 Pinedo, 2024 WL 2011970, at *4 (9th Cir. May 7, 2024).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEFENSE RESPONSE

2      The defense maintains that the illustration is more confusing

3  than clarifying, and should thus be omitted. A wet sidewalk alone—

4  without any consideration of weather conditions, geographical

5  location, or other factors—is not enough to establish that it had

6  rained. To find on that basis alone that it had rained the previous

7  night would be little more than an assumption, rather than a

8  reasonable inference. Thus, this illustration suggests that a jury

9  may adopt its assumptions, even if only suggested by a scintilla of

10 evidence, until other circumstantial evidence (like a hose) leads

11 them to conclude otherwise. This runs the risk of a jury issuing a

12 guilty verdict that is not supported beyond a reasonable doubt.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
DEFENSE PROPOSED INSTRUCTION NO. 2

2     The defendant in a criminal case has an absolute right under

3 our Constitution not to testify.

4     The fact that Defendant Jose Antonio Bonilla did not testify

5 must not be discussed or considered in any way when deliberating and

6 in arriving at your verdict. No inference of any kind may be drawn

7 from the fact that a defendant decided to exercise his right under

8 the Constitution and did not testify.

9     As stated before, the law never imposes upon a defendant in a

10 criminal case the burden or duty of calling any witnesses or of

11 producing any evidence.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 1A Fed. Jury Prac. & Instr. § 15:14 (7th ed.) [Effect of the
27 defendant's decision not to testify]

28
15

1

## **GOVERNMENT OBJECTION**

2    The government believes that the Ninth Circuit Model

3    Instruction is an accurate statement of the law, that it is the

4    preferred instruction in this Circuit, and that there is no reason

5    to deviate from it.  The language from Ninth Circuit Model Jury

6    Instruction No. 6.3 has been reviewed and affirmed on appeal. United

7    States v. Padilla, 639 F.3d 892, 896 (9th Cir. 2011) (noting that

8    multiple circuits have upheld similar instructions).

9    In addition, the government notes that this Court appears to

10   favor the Ninth Circuit Model Instruction for purposes of its

11   general instructions, and that the Ninth Circuit Model Instructions

12   are first among the suggested sources listed in the Court's Standing

13   Order for this case.

14   The government further believes that the Ninth Circuit's

15   Instruction is superior to the O'Malley instruction because the

16   O'Malley instruction combines both the defendant's decision not to

17   testify and the burden of proof, whereas the Ninth Circuit's

18   Instruction parses out those terms in a way that is clear to a lay

19   juror. The Ninth Circuit Instruction is also superior in that it

20   gives equal weight and attention to a defendant's decision either to

21   testify or not testify, while the defense's proposed instruction

22   places significantly more weight on the defendant's decision not to

23   testify.

24

25

26

27

28

1

## **DEFENSE RESPONSE**

2      The defense contends that its proposed instruction should be

3  used in lieu of to the Ninth Circuit Model Criminal Jury Instruction

4  No. 6.3. The Ninth Circuit jury instruction merely states that "the

5  law prohibits [the jury] from considering in any manner that the

6  defendant did not testify," providing no further explanation. The

7  instruction from O'Malley, Grenig & Lee explains to the jury

8  precisely what that means—the decision not to testify should not be

9  weighed during deliberations, nor should it serve as the basis of

10 any inference. This instruction effectively conveys that the

11 defendant's decision not to testify is not circumstantial evidence

12 of anything, providing an extra guardrail against the jury

13 misunderstanding their commission.

14      The defense also disagrees that they lay juror is incapable of

15 considering the concepts of a defendant's right not to testify and

16 of the burden of proof at the same time. To the contrary, by

17 addressing the burden of proof, this instruction effectively conveys

18 why the defendant's choice not to testify is irrelevant to the

19 jury's verdict: the defendant need not produce any evidence at all.

20 Thus, this instruction is thorough while maintaining clarity.

21      Finally, the Ninth Circuit Instructions No. 6.3's language

22 concerning a defendant's right to testify is of little help. It

23 merely states that the defendant's testimony should be treated "just

24 as [the jury] would the testimony of any other witness." This

25 admonition says little, and it is potentially confusing, as jurors

26 of course may weigh the testimony differently depending on

27 credibility determinations.

28

1 | DEFENSE PROPOSED INSTRUCTION NO. 3

2 |     I instruct you that you must presume the Defendant Jose Antonio

3 | Bonilla to be innocent of the crime charged. Thus the defendant,

4 | although accused of a crime in the indictment, begins the trial with

5 | a "clean slate"—with no evidence against him. The indictment, as you

6 | already know, is not evidence of any kind. The law permits nothing

7 | but legal evidence presented before the jury in court to be

8 | considered in support of any charge against a defendant. The

9 | presumption of innocence alone, therefore, is sufficient to acquit

10 | the Defendant Jose Antonio Bonilla.

11 |     The burden is always upon the prosecution to prove guilt beyond

12 | a reasonable doubt. This burden never shifts to a defendant for the

13 | law never imposes upon a defendant in a criminal case the burden or

14 | duty of calling any witnesses or producing any evidence. The

15 | defendant is not even obligated to produce any evidence by cross-

16 | examining the witnesses for the government.

17 |     It is not required that the government prove guilt beyond all

18 | possible doubt. The test is one of reasonable doubt. A reasonable

19 | doubt is a doubt based upon reason and common sense—the kind of

20 | doubt that would make a reasonable person hesitate to act. Proof

21 | beyond a reasonable doubt must, therefore, be proof of such a

22 | convincing character that a reasonable person would not hesitate to

23 | rely and act upon it in the most important of his or her own

24 | affairs.

25 |     Unless the government proves, beyond a reasonable doubt, that

26 | Defendant Jose Antonio Bonilla has committed each and every element

27 | of the offense charged in the indictment, you must find

28 |

Defendant Jose Antonio Bonilla not guilty of the offense. If the jury views the evidence in the case as reasonably permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

1A Fed. Jury Prac. & Instr. § 12:10 (7th ed.) [Presumption of innocence, burden of proof, and reasonable doubt]

19

1

**GOVERNMENT OBJECTION**

2      The government believes that the Ninth Circuit Model

3  Instruction is an accurate statement of the law, that it is the

4  preferred instruction in this Circuit, and that there is no reason

5  to deviate from it.  Ninth Circuit Model Criminal Jury Instruction

6  No. 3.2 unequivocally states that the "defendant is presumed to be

7  innocent."  That presumption remains "unless and until" the

8  government proves guilt beyond a reasonable doubt.  The language of

9  this instruction has been reviewed and affirmed on appeal. See

10 United States v. Lopez, 500 F.3d 840, 847 (9th Cir. 2007) (expressly

11 holding that use of the phrase "unless and until" adequately informs

12 the jury of the presumption of innocence).  Nothing in the Model

13 Instruction suggests, or otherwise invites, the shifting of the

14 burden of proof to the defendant during any stage of the trial.

15     In addition, the government notes that this Court appears to

16 favor the Ninth Circuit Model Instruction for purposes of its

17 general instructions, and that the Ninth Circuit Model Instructions

18 are first among the suggested sources listed on the Court's Standing

19 Order.

20     Finally, the government believes that the Ninth Circuit's

21 Instruction is superior to the O'Malley instruction because the

22 O'Malley instruction combines the already-complex concepts of

23 reasonable doubt, burden of proof, and presumption of innocence,

24 whereas the Ninth Circuit's Instruction parses out those terms in a

25 way that is clear to a lay juror.

26

27

28

                                     20

1

## DEFENSE RESPONSE

2      The defense's proposed jury instruction should be adopted

3 because it defines reasonable doubt as "the kind of doubt that would

4 make a reasonable person hesitate to act". 1A Fed. Jury Prac. &

5 Instr. § 12:10 (7th ed.). The Supreme Court has long held that

6 construing reasonable doubt as "the kind of doubt that would make a

7 person hesitate to act." *Holland v. United States*, 348 U.S. 121, 138

8 (1954). Although "hesitate to act" language is not mandatory in the

9 Ninth Circuit, "some Ninth Circuit opinions have expressed a

10 preference for the 'hesitate to act' language." *United States v.*

11 *Velasquez*, 980 F.2d 1275, 1278 (9th Cir. 1992) (citing *United States*

12 *v. Bustillo*, 789 F.2d 1364, 1368 (9th Cir. 1986). The Eighth Circuit

13 has gone so far as to mandate "hesitate to act" language in its jury

14 instructions concerning reasonable doubt. *United States v. Conley*,

15 523 F.2d 650, 655 (8th Cir. 1975).

16      On the whole, the defense proposed instruction is a more

17 fulsome explanation of reasonable doubt than the one offered by the

18 corresponding 9th Circuit instruction. On an issue of such

19 importance, the Court should favor the instruction with the more

20 thorough explanation.

21

22

23

24

25

26

27

28

DEFENSE PROPOSED INSTRUCTION NO. 4

　　　If a party offers weaker or less satisfactory evidence when stronger and more satisfactory evidence could have been produced at trial, you may, but are not required to, consider this fact in your deliberations.

　　　You must remember, however, that a defendant is not obliged to produce any evidence or to call any witnesses.

1A Fed. Jury Prac. & Instr. § 14:14 (7th ed.) [Weaker or less satisfactory evidence]

22

**GOVERNMENT OBJECTION**

The government objects to this instruction as unnecessary and confusing.  Much like defendant's other proposed instructions, it combines multiple complex concepts into a single instruction, including the strength of the evidence presented with the burden of proof.  By providing this instruction (along with defendant's other proposed instructions), the Court would advise the jury on the burden of proof in <u>four</u> different instructions, unnecessarily emphasizing that aspect of a jury trial while creating many opportunities for confusion and error.

Moreover, this instruction improperly implies that the government presented "weaker or less satisfactory evidence" in its case-in-chief. Likely for this reason, the author's commentary on the instruction notes that it should be used "in a rare case, and great caution is urged when deciding to give the instruction."  1A Fed. Jury Prac. & Instr. § 14:14 (7th ed.), Author's Commentary. Additionally, this language has not been reviewed or approved by the Ninth Circuit.

1

**<u>DEFENSE RESPONSE</u>**

2    At the outset, the defense disagrees that the Court should be

3 wary in any way of offering multiple jury instructions that address

4 the burden of proof. The burden of proof is a bedrock constitutional

5 protection of the rights of defendants, and it permeates nearly all

6 of the decisions that a jury must make in reaching a verdict. The

7 government does not identify any particular language it finds

8 confusing, nor does it explain what improper conclusion it fears.

9 The defense is unaware of any authority that suggests judges should

10 fear *over*-instructing a jury on the government's burden.

11    Finally, while it is true that the Ninth Circuit has yet to

12 rule on the language of this instruction, the government has not

13 specified any legal rationale for rejecting this language. Also, the

14 First Circuit has upheld the use of an instruction on "weaker or

15 less satisfactory" evidence. *United States v. Canas*, F.2d 73, 80-81

16 (1st Cir. 1979).

17

18

19

20

21

22

23

24

25

26

27

28

DEFENSE PROPOSED INSTRUCTION NO. 5

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

1A Fed. Jury Prac. & Instr. § 14:16 (7th ed.) [Number of Witnesses called is not controlling]

1

**GOVERNMENT OBJECTION**

2      The government believes that Ninth Circuit Model Instruction

3  1.7 is an accurate statement of the law, that it is the preferred

4  instruction in this Circuit, and that there is no reason to deviate

5  from it.  Ninth Circuit Model Criminal Jury Instruction No. 1.7

6  instructs the jury that "[t]he weight of the evidence as to a fact

7  does not necessarily depend on the number of witnesses who testify

8  about it. What is important is how believable the witnesses are, and

9  how much weight you think their testimony deserves."  Providing a

10 second instruction again commenting on the number of witnesses ay

11 bring unnecessary scrutiny to the number of witnesses presented by

12 each side and invites opportunity for confusion and error.

13      For this reason, the Author's Commentary of the instruction

14 advises the Court to "use caution in giving this instruction,"

15 particularly when the defense presents no witnesses as it could draw

16 "potentially prejudicial attention" to the lack of defense

17 witnesses.[1] 1A Fed. Jury Prac. & Instr. § 14:16 (7th ed.), Author's

18 Commentary; see also United States v. Moss, 756 F.2d 329, 334-335

19 (4th Cir. 1985) (advising that district courts should refrain from

20 giving the instruction when there are no defense witnesses).

21 Moreover, it does not appear that the Ninth Circuit has yet weighed

22 in on the appropriateness of this instruction.

23

24

25

26

27

_____

28

[1] At this time, defendant has not provided any notice of defense
witnesses, or any discovery related to such witnesses.

26

**DEFENSE RESPONSE**

The defense maintains that its proposed instruction offers further protection against the jury drawing incorrect conclusions. The Ninth Circuit instruction proposed by the government may reference this concept in passing, but it does not thoroughly break down the reasons why the jury should avoid favoring one side merely because of the amount of witnesses. Because this instruction further mitigates against the risk that the jury will improperly shift the burden of proof, the Court should include it.